UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STATE OF MONTANA; WESTERN
ENERGY ALLIANCE, a Colorado
nonprofit corporation; PACIFIC
PROPANE GAS ASSOCIATION, a
Washington nonprofit corporation;
IDAHO PETROLEUM MARKETERS
AND CONVENIENCE STORE
ASSOCIATION, INC., an Idaho nonprofit
corporation; and CHRISTENSEN, INC., a
Washington Corporation,

    Plaintiffs,

 v.

CITY OF PORTLAND,

    Defendant.

Case No. 3:23-cv-00219-YY

ORDER

  Currently pending is defendant's Motion to Stay Plaintiffs' Motion for Partial Summary Judgment (ECF 37) pending a decision on defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF 17). For the reasons stated below, defendant's motion to stay is granted.

  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) (noting that a stay is "an exercise of judicial discretion" that is

1 – ORDER

"dependent upon the circumstances of the particular case"); *see also Univ. of Oregon v. Phillips*, No. 6:21-cv-00619-MK, 2022 WL 2700290, at *1 (D. Or. July 12, 2022) (same). In exercising that discretion, courts are directed to weigh competing interests through three factors: (1) "the possible damage that might result from a stay"; (2) "the hardship or inequity a party might suffer in going forward" without a stay; and (3) whether the stay would further "the orderly course of justice measured in terms of the simplifying of complicating issues, proof, and questions of law" that would result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Applying those factors here, a stay of plaintiffs' motion for partial summary judgment is warranted. Most importantly, the primary issue raised by defendant's motion to dismiss is the court's subject matter jurisdiction, *see* Mot. Dismiss 12–33, ECF 17, which is the "first and fundamental question" that a federal court must answer in any case that comes to it. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' " *Id.* at 94–95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at 94 (citing *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). It is imperative, then, for the court to first determine whether it has power over the case before it proceeds further.

2 – ORDER

Plaintiffs' opposition to the motion for stay is largely silent on the "threshold" nature of the court's subject matter jurisdiction.[1] Instead, plaintiffs state that "[c]oncurrent consideration of the motion to dismiss and motion for partial summary judgment in normal course will conserve judicial resources because of the extent of the overlapping issues" of plaintiffs' standing and whether plaintiffs' complaint states a claim under the dormant Commerce Clause. Resp. 6, ECF 39. Plaintiffs assert there is some benefit to using the " 'more robust procedural device' of summary judgment that allows for potential final resolution of these issues," especially, plaintiffs argue, because there is "extensive overlap in both the law and relevant facts" between defendant's motion to dismiss and plaintiffs' motion for partial summary judgment. *Id.* (quoting *Jones v. L.A. Cent. Plaza*, 74 F.4th 1053, 1059 (9th Cir. 2023)); *id.* at 10.

It is certainly true, of course, that a motion for summary judgment requires the court to engage in a more "robust" analysis than a motion to dismiss; at summary judgment, the party opposing the motion "can no longer rest on mere allegations," as is the case in opposing a motion to dismiss, "but must set forth by affidavit or other admissible evidence specific facts as delineated in" Rule 56(e). *Jones*, 74 F.4th at 1058 (simplified). And while it may be more convenient and efficient to consider both motions at the same time, given the overlapping issues and arguments (although the court is not necessarily convinced that any efficiencies would be particularly substantial), those justifications matter little, if it all, in the face of a challenge to the court's subject matter jurisdiction. *See Capitol Indus.-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1118 (9th Cir. 1982) ("It is . . . error to rule on a summary judgment motion or any other matter going

---

[1] That is, apart from a passing mention that "courts must resolve challenges to their subject-matter jurisdiction, including standing issues, prior to granting a motion for summary judgment." Resp. 7, ECF 39. Plaintiffs do not, however, explain how or why this court should (or even has the power to decide whether to) bypass the subject matter jurisdiction issues raised by defendant's motion to dismiss and rule on plaintiffs' motion for summary judgment.

3 – ORDER

to the merits where a court determines that it lacks jurisdiction over the subject matter.") (simplified). The court is obligated to determine whether it has subject matter jurisdiction over this case first. Therefore, staying briefing on plaintiffs' motion for partial summary judgment will not prejudice plaintiffs, and allowing briefing on plaintiffs' motion could be a waste of the parties' and the court's resources, because if the court lacks subject matter jurisdiction, the case would simply be dismissed and plaintiffs' motion would be mooted. *See Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. 1:11-cv-00202-JDB, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) (staying briefing for summary judgment motion where a motion to dismiss for lack of subject matter jurisdiction was pending to "allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide . . . [and] allow the Court to manage the orderly disposition of this case").

## ORDER

Defendant's Motion to Stay Plaintiffs' Motion for Partial Summary Judgment (ECF 37) is granted, and all briefing on plaintiffs' Motion for Partial Summary Judgment (ECF 34) is stayed pending resolution of defendant's pending Motion to Dismiss (ECF 17).

IT IS SO ORDERED.

DATED  October 12, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

4 – ORDER