IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE OF MONTANA; WESTERN ENERGY ALLIANCE, a Colorado nonprofit corporation; PACIFIC PROPANE GAS ASSOCIATION, a Washington nonprofit corporation; IDAHO PETROLEUM MARKETERS AND CONVENIENCE STORE ASSOCIATION, INC., an Idaho nonprofit corporation; and CHRISTENSEN, INC., a Washington Corporation,

    Plaintiffs,

 v.

CITY OF PORTLAND,

    Defendant.

No. 3:23-cv-00219-YY

ORDER

HERNÁNDEZ, District Judge:

  Magistrate Judge You issued a Findings and Recommendation on February 26, 2024, in which she recommends that this Court grant in part and deny in part Defendant's motion to

1 - ORDER

dismiss for lack of subject matter jurisdiction and for failure to state a claim. F&R, ECF 53. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiffs filed timely objections to the Magistrate Judge's Findings and Recommendation. Pls.' Obj., ECF 56. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiffs make three objections to Judge You's Findings and Recommendation. First, Plaintiffs argue that Judge You erred in finding they cannot assert a dormant Commerce Clause claim alleging discrimination against out-of-state consumers or end users of fuel. Pls. Obj. 3. Second, Plaintiffs argue that Judge You erred in suggesting that the Supreme Court's decision in *National Pork Producers Council v. Ross*, 598 U.S. 356 (2023), eliminated the *Pike* balancing test in the absence of discrimination. Finally, Plaintiffs contend that Judge You erred in dismissing their substantive due process claim.

While the Court ultimately agrees with Judge You that Plaintiffs have failed to state a claim for a violation of the dormant Commerce Clause, two of Plaintiffs' objections have merit. Turning to Plaintiffs' first objection, the Court disagrees with Judge You's conclusion that Plaintiff cannot, as a matter of law, assert a dormant Commerce Clause claim by arguing that the Amendments discriminate against out-of-state end users of fuel. In *General Motors Corp. v. Tracy*, 519 U.S. 278, 286 (1997), for example, the Court found that General Motors had standing to bring a dormant Commerce Clause challenge against a tax applied to out-of-state vendors of

natural gas because it would ultimately be liable for the payment of said tax. *See also Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263 (1984) (finding wholesalers could challenge a tax regime exempting liquor produced in state because they suffered economic injury from the tax: the wholesalers were liable for the tax and the tax raised the price of their imported goods). Plaintiffs' complaint, however, fails to allege such a claim. There are insufficient allegations demonstrating both a discriminatory burden on end users or consumers of fuel and linking that burden to Plaintiffs' injuries.

As to their second objection, the Court agrees with Plaintiffs that *National Pork* did not eliminate the *Pike* balancing test in the absence of discrimination. As Plaintiffs point out, the portion of Justice Gorsuch's decision cited by Judge You was not adopted by a majority of the Court. The Supreme Court, however, did explain that claims that do not allege discrimination will rarely survive:

> [P]etitioners overstate the extent to which *Pike* and its progeny depart from the antidiscrimination rule that lies at the core of our dormant Commerce Clause jurisprudence. As this Court has previously explained, "no clear line" separates the *Pike* line of cases from our core antidiscrimination precedents. While many of our dormant Commerce Clause cases have asked whether a law exhibits "'facial discrimination,'" "several cases that have purported to apply [Pike,] including Pike itself," have "turned in whole or in part on the discriminatory character of the challenged state regulations." In other words, if some of our cases focus on whether a state law discriminates on its face, the Pike line serves as an important reminder that a law's practical effects may also disclose the presence of a discriminatory purpose.
> . . . .
> While this Court has left the "courtroom door open" to challenges premised on "even nondiscriminatory burdens," and while "a small number of our cases have invalidated state laws . . . that appear to have been genuinely nondiscriminatory," petitioners' claim falls well outside *Pike*'s heartland.

*National Pork*, 598 U.S. at 377–79 (citing cases decided under *Pike* and finding that the "presence or absence of discrimination in practice proved decisive") (internal citations omitted); *see also id.* at 369 (finding the "antidiscrimination principle lies at the 'very core' of [their]

3 - ORDER

dormant Commerce Clause jurisprudence"). The Court further emphasized that those cases invalidating nondiscriminatory laws almost always involved the regulation of instrumentalities of interstate transportation, such as trucks and trains. *Id.* at 379 n.2 ("We do not face a law that impedes the flow of commerce. Pigs are not trucks or trains."). Plaintiffs face a high bar if they cannot demonstrate that the Amendments are discriminatory. But the Court cannot conclude at this stage in the litigation that their claim would fail as a matter of law in the absence of a discriminatory burden on commerce, especially as this case touches on the interstate distribution fuel.

The Court, however, agrees with Judge You and finds Plaintiffs have not adequately alleged a dormant Commerce Clause claim. As noted above and in the Findings and Recommendation, Plaintiffs have failed to adequately allege that the law is discriminatory. In addition, there are insufficient allegations as to the degree of the burden the Amendments have on the interstate fuel supply. *See Exxon Corp. v. Gov. of Maryland*, 437 U.S. 117, 126 (1978) (finding no dormant Commerce Clause violation where the act in question "create[d] no barriers whatsoever against interstate independent dealers; [did] not prohibit the flow of interstate goods, place added costs upon them, or distinguish between in-state and out-of-state companies in the market"). For example, Plaintiffs allege that the bulk fuel terminals receive 90% of the fuel used in Oregon, but they do not allege what percentage of the bulk fuel supply stays in Portland or is distributed elsewhere. Further, the Amendments do not require fuel to be allocated in any particular way, local or otherwise. There are no specific allegations as to the degree of a possible fuel shortage or price increase that will be caused by the Amendments. Thus, without more specific allegations as to either the discriminatory effect of the Amendments or the substantial

4 - ORDER

burden they will have on interstate commerce, Plaintiffs cannot plausibly allege the Amendments violate the dormant Commerce Clause under *National Pork*.

The Court has carefully considered Plaintiffs' remaining objections and concludes that there is no other basis to modify the Findings and Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no other error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge You's Findings and Recommendation [53]. Therefore, Defendant's Motion to Dismiss [17] is GRANTED IN PART and DENIED IN PART. Plaintiffs' Motion for Partial Summary Judgment [34] is DENIED. Any amended complaint must be filed within 30 days of this Order.

IT IS SO ORDERED.

DATED: _____July 5, 2024_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge