IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF MONTANA; WESTERN ENERGY ALLIANCE, a Colorado nonprofit corporation; PACIFIC PROPANE GAS ASSOCIATION, a Washington nonprofit corporation; IDAHO PETROLEUM MARKETERS AND CONVENIENCE STORE ASSOCIATION, INC., an Idaho nonprofit corporation; and CHRISTENSEN, INC., a Washington Corporation, | Case No. 3:23-cv-00219-YY<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| CITY OF PORTLAND, | |
| Defendant. | |

**BAGGIO, District Judge:**

Magistrate Judge You issued a Findings and Recommendation on April 8, 2025, in which she recommends that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiffs'

1 – ORDER

claims with prejudice. F&R, ECF No. 76. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiffs filed timely objections to the Magistrate Judge's Findings and Recommendation. Pls.' Obj., ECF No. 80. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiffs' objections, reviewed the pertinent portions of the record *de novo*, and concludes that there is no basis to modify the Findings and Recommendation. Even viewed in the light most favorable to Plaintiffs, the Court agrees with Judge You that Plaintiffs have failed to state a claim under the dormant Commerce Clause.[1] At the core of the dormant Commerce Clause is an "antidiscrimination principle": "[T]he Commerce Clause prohibits the enforcement of laws 'driven by . . . economic protectionism— that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 369 (2023) (citing *Dep't of Rev. of Ky. v. Davis*, 553 U.S. 328, 337-38 (2008)). "[A]bsent discrimination 'a State may exclude from its territory, or prohibit the sale therein of any articles which, in its judgment, fairly exercised, are prejudicial to' the interests of its citizens." *Id.* (quoting *Guy v. Baltimore*, 100 U.S. 434, 443 (1880)).

---

[1] As noted by Judge You in her Findings and Recommendation, Plaintiffs have conceded their additional claims. F&R 3.

2 – ORDER

Plaintiffs have not adequately alleged that the BFFT Amendments were driven by economic protectionism or otherwise discriminate against interstate commerce on their face. Plaintiffs' claims are largely conclusory and do not plausibly allege that the effects of the BFFT Amendments—namely, disruption to the interstate fuel supply—are discriminatory. And Plaintiffs do not sufficiently allege that BFFT Amendments place an undue burden on interstate commerce. Because Plaintiffs have not requested leave to amend and have been unable to cure the deficiencies previously identified by the Court, Plaintiffs' claim is dismissed with prejudice.

## CONCLUSION

The Court ADOPTS Magistrate Judge You's Findings and Recommendation [76]. Therefore, Defendant's Motion to Dismiss [65] is GRANTED and this case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  2nd  day of September, 20 25 .

AMY M. BAGGIO
United States District Judge

3 – ORDER